**United States District Court**
**Southern District of Ohio**
**Western Division**

MONIQUE ROBINSON,  Case No. 1:04-cv-82

    Plaintiff, Weber, J.
Black, M.J.

vs.

THE KROGER COMPANY, *et. al.*,

    Defendants.

**REPORT AND RECOMMENDATION**[1] **THAT DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT BE GRANTED, AND THAT HIS CASE BE CLOSED**

Plaintiff, Monique Robinson, initiated this action in the Court of Common Pleas for Hamilton County, Ohio on October 21, 2003 against her former employer, The Kroger Company ("Kroger") and her union, United Food and Commercial Workers Union Local 1099 ("Union"). (Doc. 1, Ex. A). Plaintiff's complaint alleges three causes of action: breach of contract, breach of the covenant of good faith and fair dealing, and breach of the duty of fair representation and discharge in violation of the collective bargaining agreement.

On February 5, 2004, Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1331, 1367, and 1441, asserting that this Court has original jurisdiction over Plaintiff's complaint because Counts I and III arise under § 301 of the Labor Management

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Relations Act, 29 U.S.C. § 185, and the Court has supplemental jurisdiction over Count II.

## I.

Plaintiff worked as a clerk at Kroger's store Norwood, Ohio. (Robinson depo. at 20-21). Throughout her employment with Kroger, Plaintiff was a member of the Union. Plaintiff's employment with Kroger was governed by the collective bargaining agreement between Kroger and the Union. *Id.*

On June 6, 1999, while working at the Norwood store, Plaintiff selected $40.78 worth of groceries, bagged the groceries, and walked out of the store without paying for the groceries. *Id.* at 32-33. Plaintiff provided a written statement that she took the groceries without paying for them. *Id.* at 38, Ex. 8. Kroger suspended Plaintiff's pending an investigation. After conducting an investigation, Kroger terminated Plaintiff for violating Kroger's employee purchase policy and Kroger's work rule prohibiting dishonesty.

Plaintiff filed a grievance with the Union challenging her suspension (later converted to a discharge). Plaintiff maintained that Kroger violated the collective bargaining agreement by discharging her and that she deserved to be reinstated. *Id.* at 41-43, Ex. 10. The Union agreed to pursue Plaintiff's grievance. Kroger denied Plaintiff's grievance, and the Union took her claim to arbitration. On January 11, 2001, arbitrator John J. Murphy held an arbitration hearing regarding Plaintiff's grievance. *Id.* at 99, Ex.

6. At the hearing, the Union's attorney called witnesses to testify on Plaintiff's behalf and cross-examined Kroger's witness. While testifying under oath, Plaintiff admitted taking the groceries without paying for them. *Id.* at 100-02, Ex. 6.

On May 5, 2001, the arbitrator issued his written decision denying Plaintiff's grievance and upholding Plaintiff's discharge. *Id*. at 105. On May 8, 2001, the Union's attorney sent Plaintiff a letter explaining that the arbitrator had upheld her discharge. Plaintiff admits that she received the letter and the arbitrator's decision in May 2001. In October 2003, 29 months after receiving the arbitrator's decision upholding her discharge, Plaintiff sued Kroger and the Union.

Now before the Court are Kroger and the Union's motions for summary judgment. (Docs. 14, 15). Plaintiff has filed a memorandum in opposition to the motions, and the Defendants have each filed a reply. (Docs. 27, 29, 30).

## II.

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which might affect the outcome of the action. *Celotex*, 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party

opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a properly supported motion, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989); *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). Conclusory allegations are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990).

The Court's function is not to weigh the evidence and determine the truth of the matters asserted, but to determine if there is a genuine issue of material fact for trial. *Anderson,* 477 U.S. at 249. The inquiry is whether the evidence presents a sufficient disagreement over the facts to require submission of the case to a jury or whether the evidence is so one-sided that one party must prevail as a matter of law. *Id.* at 251-52.

The Court is not duty bound to search the entire record in an effort to establish a lack of genuinely disputed material facts. *Guarino v. Brookfield Township Trustees,* 980 F.2d 399, 404 (6th Cir. 1992); *InterRoyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied,* 494 U.S. 1091 (1990). Rather, the burden is on the nonmoving party "to present affirmative evidence to defeat a properly supported motion for summary

judgment," *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479-80 (6th Cir. 1989), and to designate specific facts in dispute. *Anderson,* 477 U.S. at 250; *Guarino,* 980 F.2d at 404-05.

### III.

Defendants maintain that there are no genuine issues of material fact, and that they are entitled to judgment as a matter of law. The undersigned agrees, and for the reasons that follow, recommends that Defendants' motions for summary judgment be granted and this case closed.

    *A.    Kroger is entitled to summary judgment with respect to Plaintiff's breach of contract claim (Count I).*

In her complaint, Plaintiff's first cause of action alleges that Kroger violated a "partly written, partly oral, and partly implied" contract of employment. (Doc.1, Ex. A.).[2] Plaintiff alleges that Kroger breached its written employment contract contained in the employee handbook. Plaintiff's complaint further alleges that Kroger breached the oral promises made by Kroger employees about her promotion and about getting her job back. Kroger maintains that it is entitled to summary judgment on Plaintiff's breach of contract claim because it is preempted by Section 301 of the Labor Management Act, 29 U.S.C. § 185(a), and, thereunder, the complaint is time-barred by the sixth month limitations

---

[2] Count I and II of the complaint appeared to be asserted only against Defendant Kroger, and Count III appears to be asserted against Kroger and the Union. Thus, the Union's motion for summary judgment is based only on Count III of Plaintiff's complaint. However, in her opposition memorandum, Plaintiff maintains that the first two causes of action are directed at Kroger and the Union. In any event, Plaintiff has failed to establish a genuine issue of fact for trial with respect to all of her claims, and both Kroger and the Union are entitled to summary judmgent.

period set forth in 29 U.S.C. § 160(b), which governs state law claims that are preempted by Section 301.

Section 301 preempts any state law claim that requires interpretation of a collective bargaining agreement in order to be resolved. *Ulrich v. Goodyear Tire & Rubber Co.*, 884 F.2d 936, 938 (6th Cir. 1989). Kroger is correct, therefore, that Plaintiff's breach of contract claim is preempted by Section 301 of the Labor Management Act, 29 U.S.C. § 185(a), and, therefore, governed by the sixth month limitations period set forth in 29 U.S.C. § 160(b), which governs state law claims that are preempted by Section 301. *Fox v. Parker Hannifin Corp.*, 914 F.2d 795, 801 (6th Cir. 1990).

The six month limitations period for this claim began to run in May 2001, when Plaintiff learned that the arbitrator ruled against her. *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151 (1983). However, Plaintiff did not file the instant action until October 2003, more than two years after the limitations period had expired.

Plaintiff has not presented any evidence or argument in opposition to the settled law that her claims in Count I are preempted by Section 301 of the Labor Management Act, 29 U.S.C. § 185(a), and governed by a six month statute of limitations set forth in 29 U.S.C. § 160(b), nor has Plaintiff established a factual dispute necessitating a trial on Count I.

Upon the law, therefore, the undersigned finds that Plaintiff's breach of contract

claim is preempted by Section 301, and that the claim is time barred as a result of Plaintiff's failure to file suit within the six month limitations period set forth in 29 U.S.C. § 160(b).

Accordingly, Defendants are entitled to judgment as a matter of law on Count I.

>    B.    *Defendants are entitled to Summary Judgment on Plaintiff's Good Faith and Fair Dealing Claim (Count II)*

Plaintiff second cause of action alleges that Kroger breached the covenant of good faith and fair dealing. Kroger maintains that it is entitled to summary judgment with respect to this claim because Ohio does not recognize such a claim in the employment context. *Francis v. Gaylord Container Corp.*, 837 F.Supp. 858, 862 (S.D. Ohio 1992) (dismissing good faith and fair dealing claim because Ohio does not recognize such a claim).

Again, Plaintiff has not provided any evidence demonstrating a factual dispute surrounding this claim, and the conclusory allegations contained in her complaint are insufficient to defeat a properly supported motion for summary judgment. Accordingly, Defendants are entitled to judgment as a matter of law with respect to this claim.

>    C..    *Plaintiff's hybrid breach of contract/breach of the duty of representation claim (Count III)*[3]

Defendants argue that Plaintiff's hybrid breach of contract/breach of the duty of fair representation claim is subject to the six month statute of limitations period set forth

---

[3] Count III of Plaintiff's complaint is commonly referred to as a hybrid section 301/fair representation claim. *Foster v. Forest Hill Dairy,* 1994 WL 330034, *1 (6th Cir. 1994)

in 29 U.S.C. § 160(b). *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151 (1983). In *DelCostello*, the Supreme Court states that the statute of limitations begins to run when the claimant knows or should have known of the Union's alleged breach of its duty of fair representation. *Id.* at 170-72. Furthermore, the Sixth Circuit has held than an employee's duty of fair representation claim accrues when an employee learns about an existing arbitration award. *Schoover v. Freightways Corp.*, 49 F.3d 219, 223 (6th Cir. 1995).

Here, Plaintiff admits that she received a copy of the arbitrator's decision upholding her discharge in May 2001. (Robinson depo. at 106, 107). However, Plaintiff did not file the instant action until October 2003, more than two years after the limitations period expired. Accordingly, Kroger asserts that Count III of Plaintiff's complaint is time barred. *See Foster v. Forest Hill Dairy*, No. 93-5891, 1994 WL 330034 (6th Cir. July 11, 1994) (employee's hybrid claim was time barred because the employee did not file a lawsuit until 13 months after he received the arbitrator's decision upholding his discharge).

Plaintiff asserts that her claims are not time barred because several different lawyers and the Equal Employment Opportunity Commission (EEOC) told her that she had seven years to file a lawsuit in state of federal court. Such an allegation, however, cannot defeat a properly supported motion for summary judgment. *See Anderson*, 477 U.S. at 248, 106 S. Ct. 2505 (1986) ( a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth

specific facts showing that there is a genuine issue for trial." As noted above, controlling Supreme Court and Sixth Circuit precedent make clear that a six month statute of limitations period apply to Plaintiff's hybrid claim and her breach of contract claim.

Accordingly, the undersigned finds that Plaintiff's hybrid breach of contract/ breach of the duty of fair representation claim is time barred because it was not filed within the applicable limitations period as outlined in 29 U.S.C. § 160(b).

D.  *Plaintiff's purported claim under the American's with Disabilities Act*

In her opposition memorandum, Plaintiff asserts that Kroger "violated Plaintiff's rights under ADA (Americans with Disabilities Act). . . ." (Doc. 27). However, Plaintiff's complaint does not assert a claim under the ADA. Moreover, even assuming *arguendo* that Plaintiff's complaint is to be construed to include an ADA claim, Plaintiff has not submitted any evidence establishing a prima *facie case* under the ADA. Accordingly, to the extent that Plaintiff's complaint is asserting a claim under the ADA, Defendants are entitled to judgment as a matter of law.

The record is devoid of any evidence creating a genuine issue of fact for trial, and Defendants are entitled to judgment as a matter of law on all of Plaintiff's causes of action.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendant Kroger's motion for summary judgment (doc. 14) be **GRANTED** and judgment be entered in favor of defendant Kroger.

2. Defendant Union Local 1099's motion for summary judgment (doc. 15) be **GRANTED** and judgment be entered in favor of defendant Union Local 1099.

3. As no further matters remain pending for this Court's review, the case should be **CLOSED.**

**DATE:** September 21, 2005

  s/ Timothy S. Black
Timothy S. Black
United States Magistrate Judge

**United States District Court**
**Southern District of Ohio**
**Western Division**

MONIQUE ROBINSON,
    Plaintiff,

                                            Case No. 1:04-cv-82

vs.

                                            Weber, J.
                                            Black, M.J.

THE KROGER COMPANY, *et. al.*,
    Defendants.

**NOTICE**

    Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).